IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIRGINIA C. GOMEZ,

        Plaintiff,

v.                                                                                  CIV 98-1085 MV/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Gomez's) Motion to Reverse or Remand Administrative Decision, filed June 25, 1999. The Commissioner of Social Security issued a final decision denying Gomez's claim for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is not well taken and should be denied.

### A. Facts/Procedural Background

Gomez was 50 at the time she filed her claim. She has worked as a janitor and as a clerk for the New Mexico Highway Department. [MIS 1-2] Gomez alleged disability commencing November 27, 1995, due to a back injury, which she claims resulted from lifting a heavy dumpster lid. [MIS 2]

The Commissioner denied Gomez's claim for benefits. Gomez then sought review of the denial before an administrative law judge (ALJ), who found that Gomez was not disabled. [AR 32-36] Specifically, the ALJ found at step four of the sequential evaluation that Gomez could

1

return to her past relevant work as a clerk III. The ALJ also found that while Gomez had symptom-producing medical problem, Gomez overstated her symptoms and functional limitations. [AR 33] The Appeals Council denied Gomez's request for review of the ALJ's decision [AR 4-5], which then became the Commissioner's decision for purposes of review. Gomez now asks this Court to review the decision pursuant to 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalal*a, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993), citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment

2

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

## C. Discussion

In arguing for reversal or remand, Gomez asserts that the ALJ erred on two points. First, she claims that the ALJ erred at step three of the sequential evaluation in finding that her impairments did not meet or equal in severity those described in the Listing of Impairments. [MIS 15] Second, Gomez asserts that the ALJ improperly addressed her pain impairment. [AR 16] I find no merit in either of these assertions, and recommend that the Motion be denied in full.

*1. <u>The ALJ properly found that Gomez's impairments did not meet or equal in severity any impairment described in the Listing of Impairments</u>.*

Gomez asserts that her impairments meet or equal in severity the disorders of the spine set forth in the Listing of Impairments:

> 1.05  *Disorders of the spine:*
>   C. Other vertebrogenic disorders (e.g.. herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months.  With both 1 and 2:
>     1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>     2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

20 C.F.R. § 404, Subpt. P, App. 1, § 1.05(C) (1998). The Commissioner correctly responds that a claimant must show that her impairment matches or equals all of the specified medical criteria in a listing, not just some of the criteria. [RES 4] *See Sullivan v. Zebley,* 493 U.S. 521, 530-32 (1990) (citations omitted). Gomez has cited to no evidence in the record to show that her

impairments met or equaled all of the specified criteria. In particular, Gomez had to establish, among other things, significant motor loss with muscle weakness as well as sensory and reflex loss. 20 C.F.R. § 404, Subpt. P, App. 1, § 1.05(C). The Court's review of the record has revealed no such evidence either. Seeing that it is the plaintiff's burden to show that her condition meets or equals the listing, *Potter v. Sec'y of Health & Hum. Serv.*, 905 F.2d 1346, 1349 (10th Cir. 1990), and that Gomez failed to do so at the administrative level as well as here on appeal, her assertion that the ALJ erred is without merit. I therefore recommend that Gomez's Motion be denied on this point.

2. *The ALJ properly found that Gomez was able to return to her past relevant work*.

Substantial evidence supports the ALJ's conclusion at step four that Gomez could return to her past relevant work. As the Commissioner correctly points out, an evaluator at the Work Performance Center concluded that Gomez could lift and carry six to ten pounds continuously, lift and carry eleven to twenty pounds frequently, and lift and carry up to thirty pounds occasionally. [RES 5, AR 245-47] Furthermore, on January 4 and 18, 1996, and February 12, 1996, Dr. J. William Wellborn concluded that Gomez could "work, lifting and carrying no more than 15 pounds, and no overhead activities of the right arm." [AR 238, 233, 201] Dr. Keith Harvie, an orthopedic surgeon, testified in a deposition related to a workers compensation claim that he thought Gomez "could have done light work all of the time." [AR 265, (p.47, l. 12)] Dr. Harvie also testified that Gomez had a five percent impairment, that might go up to ten percent if she had a fusion. [AR 263, (p. 41, l. 10-14)]

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass,* 43 F.3d at 1395. The foregoing evidence in the record is such relevant evidence to support the conclusion that Gomez was not disabled from doing her

4

past relevant work. As Gomez described her job as a clerk III with the Highway Department, it was similar to what the Work Performance Center evaluation found she was capable of doing. [AR 82-84] Moreover, the vocational expert testified that the Dictionary of Occupational Titles classifies clerk III duties as sedentary. [AR 106] There was no objection to this testimony in the record. And the Court's perusal of the Dictionary of Occupational titles shows that generally clerk duties are classified as sedentary and sometimes light. Thus, there was substantial evidence to support the conclusion that Gomez could return to her past relevant work or to those duties as employers in the national economy require. *See Andrade v. Sec'y of Health & Hum. Serv.,* 985 F.2d 1045, 1050 (10th Cir. 1990) (claimant not disabled at step four if able to perform past relevant work or the job duties as required by employers in national economy); *see also* S.S.R. 82-61.

Gomez argues that the ALJ improperly addressed her non-exertional pain impairment. [MIS 16] She claims that the ALJ did not follow the Tenth Circuit's three-pronged analysis for evidence of pain. *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) ( claimant must establish (1) pain producing impairment by objective evidence; (2) a loose nexus between the impairment and the pain; and, (3) the pain is disabling in light of all subjective and objective evidence). Nevertheless, Gomez does not say how or where the ALJ erred in applying the analysis or in failing to do so. Even assuming for argument that Gomez established the first two prongs, which appears to be the case from the record, she unmistakably failed to establish the third prong. There is substantial evidence, abundant throughout the record, that Gomez was magnifying her symptoms or exaggerating her pain. [AR 14 (p. 6, l. 13), 15 ( p. 10-11), 222, 241, 243, 264 (p.45, l. 5-9)] This evidence supports the ALJ's conclusion that she was not credible. [AR 33]

5

As such, there is no merit to the claim that the ALJ did not adequately address Gomez's pain allegations. Rather, the ALJ properly found Gomez's claims of pain not to be credible, and further supported the conclusion that she could return to her past relevant work at step four. Accordingly, I recommend denying Gomez's Motion on this point also.

### D. Conclusion/Recommended Disposition

I recommend denial of Gomez's Motion to Reverse or Remand Administrative Agency Decision in full. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:	Narciso Garcia, Jr., Esq.
2033 San Mateo Blvd, N.E.
Albuquerque, NM  87110

Counsel for Defendant:	Virginia Watson, Esq.
1301 Young St., Room 430
Dallas, TX 75202-5433

Joan M. Hart, Esq.
P.O. Box 607
Albuquerque, NM  87103